IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LOUIS BASSON VAN ROOYEN**<br>1 Brown Street<br>Philadelphia, PA 19123<br>　　　　*Plaintiff* | NO. |
| vs. | CIVIL ACTION |
| **BRI STERN**<br>7316 Santa Monica Boulevard<br>West Hollywood, CA 90046<br>　　　　*Defendant*. | JURY TRIAL DEMANDED |

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR A TEMPORARY RESTRAINING ORDER

**I.　　Introduction**

By and through her undersigned Counsel, Plaintiff hereby submits the following Brief in Support of her Motion for a Temporary Restraining Order. As if set forth at length, the Plaintiff incorporates her Complaint and Exhibits 1-3.

Having failed in her numerous attempts to extort thousands of dollars from Plaintiff, Defendant made good on her threat. On April 22, 2022, she suddenly and without warning posted the defamatory documents referenced in the Complaint on her Instagram account.

**II.　　Defendant's defamation**,

The first page of Exhibit 1 is the equivalent of an Internet 'Wanted Poster.' Plaintiff's photograph and name are prominently displayed. This page has the words 'SCAM ALERT! in white block capital letters against a red background. Readers are told to 'Beware.' Plaintiff is described as a 'con artist creating a fraudulent wire transfer documents in order to steal items and money from the people of LA.' Readers are told that Plaintiff 'created a fake $300,000 wire in an attempt to steal one of my friend's Ferrari's.'

The Exhibit states that Plaintiff 'pretends he is a professional golfer and part of Forbes 30 under 30 to lure girls in as his next targets, so PLEASE be careful and do not fall for it.' The document goes on, 'If you have any additional info on his latest scams a whereabouts, please DM or contact the LAPD.' The reader is told to 'please SHARE this story (to prevent other people from being victims of fraud).

This first posting clicks to a second posting that again contains a color photograph of the Plaintiff. This second posting states; 'I believe his signature moves are fake investments, writing bad checks, and creating fraudulent wire transfer documents.' Again, this time in different verbiage, it describes Plaintiff's attempt to steal the Ferrari. It states that 'Louis wrote my friend a bad check for $300,000 and begged my friend to just let him test drive it so he could "propose to his girlfriend'-an excuse to attempt to steal the car."

There is a click to the next page featuring Defendant, which references a further link that goes to a blonde woman, unknown to Plaintiff, but repeating aspects of the defamation, presumably in an attempt to falsely corroborate the defamation.

### III    The Immediate Damages to Plaintiff from Defendant's Defamation

Following Defendant's posting of Exhibit 1, Plaintiff has received death threats and threats of physical violence. Exhibit 1 is continually being read and reposted. Defendant specifically asked anyone reading Exhibit 1 to repost it. Exhibit 1 is accessible to all individuals worldwide via the Internet.

Defendant's criminal allegations against Plaintiff, as described in Exhibit 1, are false, malicious, damaging, and irreparably damaging to Plaintiff's reputation and his athletic and commercial prospects. Plaintiff has never committed any of the criminal acts alleged by Defendant.

Plaintiff has requested Instagram to take Exhibit 1 down, but that has not yet occurred. Defendant's false yet explicit statements that Plaintiff is a criminal are irreparably damaging to the Plaintiff.

Plaintiff has been brought into scandal and reproach because of the foregoing false content of Exhibit 1 and its printing, publication, and circulation (both past and ongoing). The Plaintiff is being held up to scorn and contempt among friends, business acquaintances, and other members of the public because of the printing, publication, and circulation of Exhibit 1 and additional false statements made by Defendant's friends.

Unless immediately stopped, Plaintiff's reputation will be irreparably damaged, and he may lose the athletic and economic opportunities he has worked so hard to achieve. Damages alone are insufficient to remedy the conduct described above.

Specifically, Plaintiff's athletic prospects and sponsorships will be removed because no organization or company will take the risk of sponsoring a criminal or someone who has been accused of criminal activity. Plaintiff may have to face an immigration tribunal wherein he would have the burden of demonstrating his moral character and innocence. It would seem that this is precisely what Defendant wants.

Plaintiff's economic opportunities will be withdrawn on the mere suspicion that Plaintiff is a scammer, fraudster, and/or a career criminal. The reputation of Plaintiff's relatives with the same name as Plaintiff may be irreparably damaged by association

All of Defendant's accusations, masquerading as fact, are untrue. Plaintiff is a professional golfer. Plaintiff is a candidate for the Forbes under 30. Plaintiff has never scammed anyone out of any money. Plaintiff did not attempt to steal a Ferrari. Plaintiff does not lure girls in as targets.

## IV. Legal Argument

### A. Plaintiff requests a TRO to preserve the status quo

Importantly, TROs are ordinarily aimed at temporarily preserving the status quo. "[U]nder federal law [TROs] should be restricted to serving her underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.*; *see also J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002) (concluding that interim relief preserving the status quo is not merit-based and acknowledging a TRO as a "stay put[ ] equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation" (quoting *Foreman v. Dall. Cty.*, 193 F.3d 314, 323 (5th Cir. 1999), *abrogated on other grounds by Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015) (internal quotation marks omitted))); *Christopher P. ex rel. Norma P. v. Marcus*, 915 F.2d 794, 805 (2d Cir. 1990) ("[T]he procurement of a TRO in which the court does not address the merits of the case but simply preserves the status quo to avoid irreparable harm to the plaintiff is not by itself sufficient to give a plaintiff prevailing party status."); *Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 961 (Fed. Cir. 1984) ("The function of preliminary injunctive relief is to preserve the status quo pending a determination of the action on the merits." (citation omitted)).

The requirements for a temporary restraining order are the same as those for a preliminary injunction. *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003). The Plaintiff can establish (1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). The primary purpose of a

temporary restraining order and/or preliminary injunction is to preserve the status quo until a decision can be made on the merits. *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

      **B**.      <u>**Discussion of Standard as Applied to the Facts and Law Herein**</u>

First, the Plaintiff can succeed on the merits. Defendant's accusations against Plaintiff for illegal conduct are blatantly false. Plaintiff is not a fugitive. Plaintiff has never been convicted of any criminal offense. Defendant has no evidence that Plaintiff has committed any of the acts Defendant accuses him of. Defendant has attempted to extort money from Plaintiff but has failed. Consequently, Defendant has unleashed a vicious, unfounded, and file defamatory campaign designed to ruin the Plaintiff's good character and all the promises and prospects he has worked so hard to attain.

There is no allegation from Frank Delgado that Plaintiff ever attempted to steal any Ferrari. Plaintiff can prove that he is a professional golfer. Plaintiff can prove that he is a candidate for the Forbes under 30. Plaintiff can prove that he was admitted to university on an athletic scholarship. Plaintiff can prove that he sold a software program to a blue-chip investment Company.

Defendant knew that Plaintiff had prospects in the United States, which he did not have in South Africa. Defendant knew that if Plaintiff was deported, Plaintiff would be permanently stymied in his career and ambition due to acts of moral turpitude. Defendant knew that she could attempt to extort Plaintiff by lying to Immigration about Plaintiff's actions and character. When Plaintiff refused to pay her any money because he had taken nothing from her, Defendant posted his image on the Internet and told the public to beware because he was a serial scammer, especially of women.

The Defendant cannot prove any of her malicious allegations because they are untrue. Plaintiff, however, can establish his excellent character and the veracity of his economic and athletic status

To establish a reasonable probability of success on the merits such that a TRO should issue, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001); *see also Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. 2017) ("[The court does] not require at the preliminary stage a more-likely-than-not showing of success on the merits because a likelihood of success on the merits does not mean more likely than not.") (internal quotation marks omitted). Plaintiff has met this burden with the allegations of the Complaint. Plaintiff easily satisfies this prong.

Second, Defendant's unfounded and irreparably damaging accusations demonstrate that injunctive relief is necessary to prevent immediate and irreparable harm to Plaintiff. Plaintiff is a young man with his life ahead of him. Defendant's defamation is intended to ruin him. It is intended to ruin his reputation by inventing crimes she never committed. It is intended to ruin his athletic possibilities by ruining his reputation.

Similarly, this will also ruin his economic prospects. It is intended to ruin any semblance of a relationship, Plaintiff may have with the opposite sex. In short, Defendant's defamation aims to destroy the Plaintiff and damage him to the point where rehabilitation is not even a possibility. As such, irreparable harm to the Plaintiff is clear.

Third, the balance of harms clearly and strongly weighs in favor of Plaintiff. Defendant will not be harmed in any significant manner by the requested TRO, but, Plaintiff will be irreparably harmed if the TRO is not granted. Defendant's defamation will rapidly spread like an uncontrollable fire, running amuck with Plaintiff's standing professional integrity and standing in

the community. If the Court were to deny Plaintiff's request for a TRO, Plaintiff will likely never recover from the damages wrought by Defendant.

The final factor is the public interest. *Crissman v. Dover Downs entertainment Inc.* 239 F.3d 357, 364. "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the Plaintiff. Nonetheless, district courts should award preliminary injunctive relief only upon weighing all four factors." *AT & T v. Winback & Conserve Program,* 42 F.3d 1421, 1427 n. 8 (3d Cir.1994). In this case, the public interest would be protected by issuing the TRO since there is a public interest in enjoining defamatory statements, which can ruin a professional reputation.

### V. Conclusion

It is submitted that, upon balancing the TRO factors, each factor weighs in favor of granting the TRO. Accordingly, Plaintiff respectfully requests that the TRO be granted in accordance with the form of order attached hereto.

Respectfully submitted,

BY: *Timothy M. Kolman*
Timothy M. Kolman, Esquire
Attorney for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

April 24, 2022