

(e) Kolman@KolmanLaw.com ▪ (t) 215-750-3134 ▪ (f) 215-750-3138

KOLMANLAW.COM

May 4, 2022

Honorable Juan R. Sanchez, Chief Judge
14613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    **Louis Basson van Rooyen v. Bri Stern**
              **United States District Court, EDPA**
              <u>**Civil No: No 22-cv-01578**</u>

Dear Judge Sanchez:

On April 28th, 2022, we were notified by our client that Attorney Matt Fry had contacted him on behalf of his friend, Bri Stern. Attorney Fry's involvement in this matter is a bit confusing. Initially, he represented that he was Counsel for Defendant. However, once the Complaint and TRO were filed and he received the Certification of Service listing him as Counsel, he told us he was simply an attorney friend helping Ms. Stern.[1]

Later that day, I emailed Attorney Fry and requested any Pennsylvania lawyer retained by Ms. Stern to contact us. Attorney Fry responded that Ms. Stern had Pennsylvania Counsel on 'standby.'

---

[1] Mr. Fry is not admitted in California or Pennsylvania.

Without divulging privileged communications, Mr. van Rooyen and Ms. Stern, on their own and with neither our knowledge nor input, agreed to resolve all issues in the litigation. Attorney Fry emailed us stating that morning he had spoken, ex parte, to our client (April 28th, 2022), and the parties' agreement mooted our Motion for a Temporary Restraining Order. Our client then told us the essential terms of this agreement, which we then requested in writing from Attorney Fry.

On April 29th, 2022, we received an email from Attorney Fry with terms drastically different from the verbal agreement previously communicated to us; that agreement had been acceptable, but this agreement was not.

On May 3rd, 2022, at 4:15 pm, we received another email and a phone call from Attorney Fry regarding the April 29, 2022, unacceptable agreement. Attorney Fry wanted to know our "next steps." At the time, he must have known that his referral attorney, Pennsylvania Attorney Michael P. Ryan, from Ryan, Brown, Berger & Gibbons, P.C., had not entered his appearance on the Docket. We told Attorney Fry that as soon as he did so, he should contact us. To date, we have not heard from him.

Today, at 11:50 am, we emailed Attorney Fry and Michael P. Ryan, Esquire, and requested, given Attorney Fry's continual involvement, clarification that Mr. Ryan was indeed representing Ms. Stern. To bring Mr. Ryan up to date, we outlined Attorney Fry's prior involvement in the case. We also notified Mr. Fry that now Ms. Stern had Counsel of record, we would be communicating only with him unless Attorney Ryan was admitted to the case Pro Hac Vice.

Attorney Fry replied to our email, thanking us for our response and stating that he would leave all future communications to RBMBG Law.

Our client then received a text from Defendant, offering to remove the offensive postings if Plaintiff could prove, within an hour, that he had dismissed his complaint. She said she hoped he would pay her $10,000.00. Ms. Stern had previously attempted to have our client pay $50,000 in exchange for removing the postings. However, over time this sum had fluctuated downward. Now it had reached a hopeful '$10,000.' However, this sum was not a precondition to her removing the postings.

Shortly after this offer, Ms. Stern contacted our client again and proposed yet another offer. Ms. Stern would execute a settlement agreement verifying that Mr. Basson van Rooyen had not stolen anything from her and had incurred no liability. Plaintiff would dismiss his lawsuit (and the TRO) in exchange. Ms. Stern's preference was to have Attorney Fry represent her in the settlement.

In light of the foregoing, and not to unnecessarily chill settlement negotiations, the Plaintiff instructed us to delay his Motion for TRO.

Should the Court have any questions regarding the foregoing, please don't hesitate to contact me.

Respectfully Submitted,

KOLMAN LAW, P.C.

*/s/ Timothy M. Kolman*
Timothy M. Kolman, Esquire
414 Hulmeville Ave
Penndel, PA 19047
(215) 750-3134
Attorney for Plaintiff

3

4878-6332-8030, v. 5

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Letter of Correspondence to the Court relating to a Hearing on the Temporary Restraining Order was served upon all Counsel of record via the CM/ECF record .

                                   KOLMAN LAW, P.C.

                                   */s/ Timothy M. Kolman*
                                   Timothy M. Kolman,
                                   Esquire 414 Hulmeville Ave
                                   Penndel, PA 19047
                                   (215) 750-3134
                                   Attorney for Plaintiffs

Dated: May 4, 2022

4878-6332-8030, v. 5