

(e)  Kolman@KolmanLaw.com ▪ (t) 215-750-3134 ▪ (f) 215-750-3138

KOLMANLAW.COM

May 12, 2022

Honorable Juan R. Sanchez, Chief Judge
14613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:** **Louis Basson van Rooyen v. Bri Stern**
> **United States District Court, EDPA**
> <u>**Civil No:  No 22-cv-01578**</u>

Dear Judge Sanchez:

In respect of Your Honor's Order, we update the Court as follows:

During our last update and this one, our office prepared a settlement agreement ('Agreement') based on terms agreed to by the parties. Although Ms. Stern informed us that she wanted Attorney Fry to handle the Agreement as her "personal attorney," we sent it instead to Michael Ryan, Esquire, who had entered his appearance on the docket

As background, the Court should know that Ms. Stern made two additional settlement offers directly to our client on May 4, 2022. In the first offer, she stated she would remove all posts on condition that the TRO and Complaint were dismissed with prejudice within one hour if our client paid her the sum of $10,000.00.

A second offer arrived shortly thereafter in an email was sent to Attorney Fry. It was this proposal that informed our preparation of the Agreement. Ms. Stern now said she wanted no money and agreed that our client had stolen nothing from her. She would take down all of her offensive social media postings in exchange for dismissal of the TRO and Complaint. She demanded that

the terms of the Agreement be overseen by her "personal attorney," Matthew Fry, Esquire.

Our client explained to Ms. Stern that Attorney Fry was not the attorney of record. We didreceived correspondence from Attorney Fry stating that everything would go through RBBG.

The proposed Settlement Agreement was sent on May 4, 2022, at 21:40 to Attorney Michael Ryan, Esquire, her attorney of record. I was informed that both parties agreed to the terms and would execute it that day; the dismissal of the Complaint and TRO would then follow. This was based substantially on Ms. Stern's May 4, 2022 text as follows:

> "Look, I've had a change of heart. If you do not have the $10,000.00 now, I am going to just take a leap of faith that you will pay me back at some point when you can. If you can provide me with proof of filly dismissing the case and the lawsuit within the next hour, I will remove the posts. I think we're doing the right thing by putting everything to rest. Although this isn't easy for me, I believe it is what's best. A peaceful resolution. & we can both move on with our lives and focus on the future."

Today, at 11:57 am, I emailed Attorney Michael P. Ryan, Esquire. The email is attached hereto, and as of filing, I have received no response.

Ms. Stern, unlike my client, is not negotiating in good faith. The harm to our client, as outlined in the TRO continues.

In light of the foregoing, we are instructed not to delay his Motion for TRO. We apologize to the Court for any inconvenience and delay.

Respectfully Submitted,

KOLMAN LAW, P.C.

*/s/ Timothy M. Kolman*
Timothy M. Kolman, Esquire
Attorney for Plaintiff

2

4884-3028-6367, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Letter of Correspondence to the Court relating to a Hearing on the Temporary Restraining Order was served upon all Counsel of record via the CM/ECF record .

KOLMAN LAW, P.C.

*/s/ Timothy M. Kolman*
Timothy M. Kolman, Esquire
414 Hulmeville Ave
Penndel, PA 19047
(215) 750-3134
Attorney for Plaintiffs

Dated: May 12, 2022

3